FILED

98 OCT 16 AM 10: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANN MITCHELL,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.

CIVIL ACTION NO. 98-G-0140-S

ENTERED

OCT 16 1998

MEMORANDUM OPINION

This cause is before the court upon the motion of the defendant for summary judgment. Pursuant to this court's summary judgment scheduling order entered August 26, 1998, the matter is now ripe for decision. This case arises out of an accident that occurred while the plaintiff was shopping at the Adamsville Wal-Mart store on November 25, 1995. As she was shopping, it appears that a stack of boxes fell on the plaintiff, injuring her. The plaintiff has testified that this stack was seven to eight feet high before it fell. (A photograph of the stack, apparently taken shortly after the accident is attached to the plaintiff's evidentiary submission.)

13

This is not a slip and fall case. Nor is there any evidence that the boxes had been moved or disturbed by shoppers after the time Wal-Mart had placed them in the aisle. Therefore, he court concludes that Norris v. Wal-Mart, 628 So. 2d 475 (Ala. 1993), provides the appropriate legal standard. In that case the court set forth the standard with respect to defective store fixtures:

> A fact question was presented as to whether Wal-Mart breached its duty to provide a safe place for business invitees to shop by storing cases of toothpaste on high shelves, under which customers were invited to shop, without providing a railing to keep a heavy box from falling onto a customer.
>
> * * * *
>
> In Mims, supra, we said that where the alleged defect or instrumentality is a part of the premises, such as a display rack, and not a foreign substance, such as spilled food, for example, the owner of the premises has a duty to provide ordinary and reasonable maintenance of those premises in order to meet its duty to its invitees.

628 So. 2d at 477-78. The stack of boxes in the instant case was placed in the store by Wal-Mart and, therefore, Wal-Mart had a duty to see that they were stacked in a safe manner, regardless of whether they had been informed of a potential problem by customers or otherwise. In cases such as Norris, it is a breach of the store's duty to maintain its fixtures in a safe condition that constitutes negligence. In the instant case, Wal-Mart had a duty to "provide a safe

place for business invitees to shop." Norris 628 So.2d at 477-78. That duty applies to the manner in which it displayed the boxes which apparently fell on the plaintiff. This duty exists regardless of whether the boxes fell spontaneously or whether another customer or store employee caused them to fall. If the boxes were stacked in an unreasonable manner, Wal-Mart would be guilty of negligence.

In Furgerson v. Dresser Industries, Inc., 438 So 2d 732 (Ala. 1983), the plaintiff was injured when he walked into an arm that protruded from a gasoline pump. The court noted that two other pumps at the service station had posts placed so as to prevent a person from walking into the protruding arm. The court found this presented a jury question as to the defendant's negligence in not placing the posts in front of the third pump. The court stated it was obvious someone had determined that posts were required to ensure safety on two of the three pumps, so it was a jury question as to whether the defendant was negligent in not also placing such posts at the third pump. The Norris court noted the holding in Furgerson, and found evidence of negligence in the fact that other boxes like those that fell and injured the plaintiff had been stacked on shelves with railings. The court, therefore, concluded a jury question was presented on whether the store was negligent in not storing the boxes in question on such a shelf. The instant

case presents similar circumstances. The plaintiff has testified that some of the boxes like those which fell on her, were stacked on shelves, rather than in the aisles. This raises an implication, though not as strong as in Furgerson and Norris, that someone had determined boxes similar to those that fell on the plaintiff should not be stacked in the aisle.

In Mims v. Jack's Restaurant, 565 So. 2d 609 (Ala. 1990), another case cited by Norris, the court noted that different standards are applied in slip and fall cases:

> Ms. Mims was a business invitee of the defendant. Therefore, it owed her a duty to exercise ordinary and reasonable care in providing and maintaining reasonably safe premises for her. The question of whether the threshold, if it was defective, had been defective for such a period of time that Jack's should have discovered the defect, was for the jury.
>
> The facts in this case should be distinguished from the facts in a case where a plaintiff slips and falls on a slick spot on a floor caused by food or another substance. In one of those slip and fall cases, a plaintiff not only must make a prima facie showing that her fall was caused by a defect or instrumentality (a substance causing a surface to be slick) located on the premises, but she must also present prima facie evidence that the defendant had or should have had notice of the defect or instrumentality at the time of the accident. On the other hand, in cases where the alleged defect is a part of the premises (in this case, a loose threshold in the main entrance of a restaurant), once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing

> that the defendant had or should have had notice of the defect at the time of the accident.

565 So.2d at 610 (citations omitted).

As these cases illustrate, in cases involving store fixtures, the store must provide, and maintain, a reasonably safe place for business invitees to shop. In the instant case, the stack of boxes should be considered a store fixture and the standards applied in those cases—rather than those applied to slip and fall cases—should apply.[1] The stack of boxes was placed in the store either by Wal-Mart or at its direction. It had control over the manner in which the boxes were stacked, and owed the plaintiff a duty to see that they were stacked in a reasonably safe manner.

In Lowe's Home Centers, Inc. v. Laxson, 655 So. 2d 943 (Ala. 1994), Laxson, a customer, was injured when a store employee dropped a pump on him. The store employee, who was assisting another customer at the time of the accident, was attempting to remove a pump from the top of an eight foot shelf while standing on a two-foot step ladder. As he was removing the pump from the shelf, it fell out of his hands and dropped on the head of the plaintiff, who was

---

[1] The plaintiff does not allege, for example, that she tripped over a box that had fallen from the stack. Is such a case, the standards for slip and fall cases might properly apply.

bending over examining another pump at the time. In reversing a directed verdict in favor of the customer on the issue of liability, the court noted:

> [W]here from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions as to negligence or contributory negligence, such questions are for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that negligence or contributory negligence is ever a question of law for the Court . . . . In other words, where not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined the case is entirely one of fact to be decided by the jury.

655 So. 2d at 945 (quoting Quillen v. Quillen, 388 So. 2d 985, 987-88 (Ala. 1980)(emphasis added)(quotation marks omitted). In the instant case, the question of whether the boxes were stacked in a reasonable manner (even assuming no issues of fact existed concerning the actual manner in which they were stacked at the time of the accident) goes to the standard of care that Wal-Mart should have exercised.

In the instant case a Wal-Mart employee testified that the store had a policy not to stack boxes withing six feet of the ceiling sprinklers. The plaintiff testified that the boxes were stacked seven to eight feet high. In its brief, counsel for Wal-Mart represents that the ceiling is fourteen feet high at the Wal-Mart store in question. Because the sprinklers might be even lower, it is clearly possible that

this policy was not observed. A reasonable jury might, therefore, find that the boxes were stacked unreasonably high because the stack exceeded the height limit established by Wal-Mart itself.[2] As already noted, the plaintiff's undisputed testimony is that other boxes similar to the ones stacked in the aisle were stacked on shelves rather than on top of each other. This also presents a jury question as to whether Wal-Mart acted unreasonably in not stacking the boxes on shelves.

If reduced to the absurd, the fallacy in Wal-Mart's argument is clear. Certainly a jury question on negligence would be presented if a stack of twenty very narrow boxes, stacked one on top of each other to the ceiling, had fallen on the plaintiff. This would be the case even if a store manager had examined the stack immediately prior to the accident and pronounced it reasonably safe, and even if the plaintiff could produce no evidence as to why the stack fell. The instant case falls somewhat short of that extreme, but still presents a jury question on the issue of whether it was reasonable for Wal-Mart to stack the boxes as they were.

---

[2] Of course, it is not necessary for the plaintiff to show that the policy was violated in order to prevail on her negligence claim. Nor would Wal-Mart be absolved should it be conclusively shown that the policy was followed. The ultimate question is whether, in light of all of the circumstances, it was reasonable for Wal-Mart to stack the boxes in the manner in which it did.

For the above reasons Wal-Mart's motion for summary judgment must be denied. A jury question is clearly presented on the issue of whether Wal-Mart breached its duty to provide a safe place for business invitees to shop. An appropriate order will be entered contemporaneously herewith.

DONE this 15th day of October 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.